# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ROSALIND ANN ADDISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1601 HEA |
| | ) | |
| BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Rosalind Ann Addison for leave to commence this action without payment of the required filing fee.  See 28 U.S.C. § 1915(a).  Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, for unlawful retaliation against defendant the St. Louis City Board of Education, as well as individual defendants Marlene Davis and Carol Hall-Whittier.[1]  Attached to plaintiff's complaint is a copy of an Equal Employment

---

[1]Title VII provides a remedy only against an "employer."  The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held

Opportunity Commission ("EEOC") right-to-sue letter, as well as a charge of discrimination filed with the EEOC.

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination with the EEOC (or with the Missouri Commission on Human Rights ("MCHR")) within 300 days of the allegedly discriminatory occurrence. See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ..."); see also Holland v. Sam's Club, 487 F.3d 641, 643 & n. 3 (8th Cir.2007) (holding that the MCHR is such an agency per Mo.Rev.Stat. § 213.030). Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011); Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA

---

individually liable under Title VII." Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998).

action, precluding plaintiff from obtaining review of his ADA claim); <u>Malone v. Ameren UE</u>, No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6, 2010 WL 750075 (E.D.Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 222 (8th Cir.1994) (citing <u>Patterson v. McLean Credit Union</u>, 491 U.S. 164, 180–81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

The complaint alleges that the discrimination occurred between April of 1987 and August of 2000, when plaintiff was terminated.  Plaintiff filed her charge of discrimination with the EEOC on June 13, 2012.  Assuming the allegations in favor of plaintiff, the charge of discrimination was filed outside the permissible 300–day period.  Therefore, plaintiff's Title VII claims appear to be time-barred by 42 U.S.C. § 2000e–5(e)(1) and subject to dismissal for failure to timely exhaust her

administrative remedies.  Plaintiff will be directed to show cause why her case should not be dismissed as time-barred.

Plaintiff's motion for appointment of counsel will be denied at this time, without prejudice, as it appears that counsel is not currently warranted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.  See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order, plaintiff shall show cause why her action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 14th day of September, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

-4-