UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND ANN ADDISON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12CV1601 HEA |
| BOARD OF EDUCATION, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Order to Show Cause.[1] Having carefully reviewed plaintiff's response, the Court concludes that her arguments are without merit and that the instant action is time-barred under 42 U.S.C. § 2000e-5(f).

## Background

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, for unlawful retaliation against defendant the St. Louis City Board of Education, as well as individual defendants Marlene Davis and

---

[1] On September 14, 2012 this Court ordered plaintiff to show cause why her pro se employment discrimination complaint brought pursuant to 42 U.S.C. § 2000e, *et seq.*, should not be dismissed as time-barred.

Carol Hall-Whittier.[2] Attached to plaintiff's complaint is a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, as well as a charge of discrimination filed with the EEOC.

## Discussion

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."  Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).  Plaintiff was required to file her charge of discrimination with the EEOC (or with the Missouri Commission on Human Rights ("MCHR")) within 300 days of the allegedly discriminatory occurrence.  See 42 U.S.C. § 2000e–5(e)(1) (providing for such a period where claims are filed with "a State or local agency with authority grant or seek relief from such practice or to institute criminal proceedings with respect thereto ...").  Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action.  Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 989 (8th Cir.2011).  To exhaust

---

[2]Title VII provides a remedy only against an "employer."  The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII."  Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); see Bales v. Wal-Mart Stores Inc., 143 F.3d 1103, 1111 (8th Cir. 1998).

administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e).

The complaint alleges that the discrimination occurred between April of 1987 and August of 2000, when plaintiff was terminated from her position with the St. Louis Board of Education. Plaintiff filed her charge of discrimination with the EEOC on June 13, 2012, or almost twelve years after her termination. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed way beyond the permissible 300–day period. Therefore, plaintiff's Title VII claims appear time-barred by 42 U.S.C. § 2000e–5(e)(1) and subject to dismissal for failure to timely exhaust her administrative remedies. In her Response to Show Cause, plaintiff fails to provide any additional information as to why she failed to file a timely charge of discrimination.

In Turner v. Bowen, 862 F.2d 708 (8th Cir. 1988), the United States Court of Appeals for the Eighth Circuit explained the kinds of circumstances that can support an equitable tolling of the statute of limitations:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. Smith v. McClammy, 740 F.2d 925, 927 (11th Cir.1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a

> claimant's attempts to exercise her rights by acting in a misleading or clandestine way." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir.1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court).  And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." Larson v. American Wheel & Brake, Inc., 610 F.2d 506, 510 (8th Cir.1979).

Turner, 862 F.2d  at 710; see also, Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989) (noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction).  Equitable tolling, however, is an exceedingly narrow window of relief.  Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.  Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad v. Hvass, 267 F.3d 803, 805-07 (8th Cir. 2001) (unsuccessful search for counsel could not warrant equitable tolling).

Under these principles, equitable tolling is not warranted in this case because the circumstances described by plaintiff are not extraordinary, nor are they outside of plaintiff's control. As a result, the complaint is time-barred and will be dismissed.

Moreover, to the extent that plaintiff does, indeed, have state law claims for discrimination or retaliation against defendant, the Court will decline to exercise jurisdiction over any such unarticulated claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint, brought pursuant to 42 U.S.C. § 2000e, et seq., is **DISMISSED** as time-barred. 42 U.S.C. § 2000e-5(f).

**IT IS FURTHER ORDERED** that to the extent that plaintiff has any unarticulated state law discrimination or retaliation claims against defendants, the Court declines to exercise supplemental jurisdiction over these claims.  28 U.S.C. § 1367(c).

Dated this 17th day of January, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE